## MARY HEWITT AND CHARLES L. HEWITT v. ATLANTIC AND SUBURBAN RAILWAY COMPANY.

Argued October 6, 1925—Decided March 18, 1926.

Negligence—Injury to Passenger on Trolley Car—Court's Refusal to Charge "If the Jerk or Stop of a Car When Drifting Back, and the Drifting Back at That Point was Usual, and Not Unusual, There Can be No Recovery," Sustained—Verdict Not Excessive.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Bourgeois & Coulomb.*

*Contra,* John C. Reed.

PER CURIAM.

Plaintiff, Charles L. Hewitt, has a verdict of $2,000 to compensate him for his loss by way of loss of services and society of his wife and cost of effecting a cure of injuries sustained by her in being thrown by a sudden jerk of a trolley car of defendant upon which she was a passenger.

Two reasons are urged why this verdict should be set aside—*first,* because it is excessive. We think it is not. *Second,* the refusal of the learned trial judge to charge the following request:

"If the jerk or stop of a car when drifting back, and the drifting back at that point was usual and not unusual, there can be no recovery." Upon that point the trial court charged: "I am inclined to charge you, not as I have been requested, but that if in the stopping of this trolley car there was nothing unusual to the stopping of a trolley car, and that the stop itself was in no respect negligence, then the plaintiff cannot recover."

We find that the instruction requested was erroneous, and that the instruction as given to the jury by the learned trial judge was a correct statement of the legal principle applicable.

There was no error, therefore, in refusing to charge as requested.

The rule to show cause is discharged, with costs.