EMMA EDER AND WILLIAM EDER v. PUBLIC SERVICE
RAILWAY COMPANY.

Decided November 24, 1926.

**Negligence—Injury to Passenger of Trolley Car Through the Breaking of a Strap—Excessive Damages Only Question— Facts Considered and Rule Discharged.**

On rule to show cause, Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Joseph Coult*.

*Contra, Heine, Bradner & Laird*.

PER CURIAM.

The action was brought in the Essex Circuit by plaintiff and his wife to recover damages for injuries caused by the breaking of a strap in defendant's trolley car, on October 4th, 1924, while the plaintiff was traveling as a passenger therein. The husband joined in the action for consequential damages. The jury rendered a verdict for the wife for $2,000, and in favor of the husband for $1,729. The only reason urged in support of the rule is that both verdicts are excessive.

The plaintiff has been suffering from mucus colitis, an intestinal disorder, before the accident, and had taken irrigating treatments from May 24th, 1924, with diminishing frequency. During the treatments she gained seventeen pounds in weight, and was in good condition at the time of the accident, but after the accident she remained in bed seven weeks with severe muscle strain of the back and extreme weakness in the legs. Sixteen months after the accident it was still necessary for her to use a cane, and she lost twenty pounds in weight,

and her flushing treatments continued without the same response as before the accident, because of the shock she then sustained.

The husband expended for doctors $157; for domestic help, $217; drugs, $102; for flushing treatments, $205; making a total of $681.

It is urged that plaintiff's doctor, who advised the treatments for the intestinal trouble, stated his opinion at that time to be that it would take a considerable time, perhaps years, to affect a permanent cure, and that therefore the expenses incident to the medical services and flushing treatments incurred after the accident should not be charged to the defendant. Assuming this to be a controverted fact in the case, the question of damages was still one for the jury, and unless brought within the recognized exception of obvious prejudice or passion upon the part of the jury, no cause is apparent for disturbing their verdict.

The rule will be discharged.