## BRIDGEWATER, Plaintiff-Appellant, v. BOYLES et, Defendants-Appellees.

Ohio Appeals, Second District, Montgomery County.

No. 2046. Decided April 19, 1951.

Irvin C. Delscamp, Dayton, for plaintiff-appellant.
Philip H. Worman, Dayton, for defendant-appellee, Francis M. Boyles.

### OPINION

By HORNBECK, J.

This is an appeal on questions of law from an order of the trial court granting a motion of defendant for a new trial

on the ground that the verdict of the jury "was excessive and was not supported by the evidence under the Court's charge narrowing and defining the issues of causation and damage."

Three errors are assigned, all of which may be encompassed in the proposition that the court erred in sustaining the motion for a new trial on the ground assigned, that the verdict was excessive and to so hold was prejudicial to the plaintiff-appellant. To reverse the order of the trial judge, we must find an abuse of discretion in the granting of the motion. **Hoffman et al. v. Knollman, et al., 135 Oh St 170; Webster v. Pullman Co., 51 Oh Ap 131.**

The action was instituted by the husband of Maple Bridgewater for damages claimed to have been sustained by him by the negligence of the defendant, a dentist, "in permitting three roots of three teeth in the upper right jaw of his said wife to remain there without extraction after he had broken off said teeth formerly attached to said roots during said extraction, and by reason thereof, the body of his said wife became infected."

The evidence developed that the defendant had been employed by the plaintiff to extract twenty teeth from the upper and lower jaws of his wife. Following this extraction, the wife suffered much pain, had the attention of a physician, who called on her sixty-one times, became unconscious, suffered convulsions, the lining of the brain was involved, she was confined to her home by her illness more than a year, was required to undergo further dental extractions and operations, one of which necessitated hospitalization. As a result of the illness the husband was compelled to employ a nurse for his wife and to make numerous expenditures which were set forth and aggregated the sum of $450.80. The prayer of the petition was for $3,050.80. There were no allegations of loss of consortium of the wife except for those services included in the itemized expenses set out.

The trial judge in his general charge instructed the jury that it should not award as damages a surgeon's bill of $70.00 for removing a root under the malor bone of the right cheek of plaintiff's wife, nor any expenses that could be attributed to the after effects of this operation.

As we interpret the charge of the court in the light of the averments of the amended petition, the jury could properly return a verdict only for the expenses specifically set up in the petition less those which the court instructed the jury to disregard. This being true, manifestly the verdict was in excess of any sum which could properly have been awarded by the charge of the court.

Appellant cites a number of cases wherein verdicts have been supported for greater sums than the verdict in the instant case for damages suffered by the husbands by reason of personal injuries to their wives. Hewitt v. Atlantic St. Ry. Co., 132 Atl. 500, verdict for $2000. This verdict included not only loss of services, but loss of society of the wife. Taylor v. Metropolitan St. Ry. Co., 183 S. W. 1133, verdict $3,000. Edder v. Public Service Ry. Co., 135 Atl. 93, verdict $2,000. Both cases permitted damages to be assessed for permanent injuries. Teithel et al., v. Frank, 135 Atl. 81, verdict $1,900, included damages to husband for loss of consortium and for future expenses. Van De Vere v. Kansas City, 196 S. W. 785, verdict $1,200. The facts in this case bearing upon the measure of damages are too meager to make it of any value.

For a discussion of the law as to the right of a husband to recover damages for loss of consortium of his wife by reason of personal injuries suffered by her, see 20 O. Jur. 559; Annotation to Golden v. Greene Paper Co. (R. I.) 21 A. L. R. 1517, and 133 A. L. R. 1156.

It is urged by appellee that the trial judge exceeded his authority in entering nunc pro tunc the order sustaining the motion for new trial. This question is not properly raised because no appeal or cross appeal was instituted by the appellee.

It is noted by the record that counsel for plaintiff excepted to the failure of the court to charge the jury more at length in the loss by the husband of the consortium of his wife as an element of his damage.

Without respect to the extent of the right of a husband to recover for loss of consortium of his wife, it is certain that the plaintiff pleaded as damages only expenses incurred and was therefore not entitled to have the jury assess any other damages. It is apparent that the jury allowed more than the damages pleaded, namely expenses incurred by the plaintiff. It is likewise apparent that the jury accepted the testimony of the plaintiff and his witnesses as to the extent of his damages, although it may not have included in its verdict the surgeon's and hospital bills. Upon this testimony, we are of opinion that the expense incurred by plaintiff by reason of the surgeon's and hospital bills should have been included in the damages which the jury could properly have assessed.

From a close reading of Dr. Cope's testimony, in conjunction with the other evidence, it is convincing that the removal of the third root by Dr. Bevis was necessitated because it had been left in the upper jaw of Mrs. Bridgewater when the

defendant extracted her teeth. The theory that at the time of the extractions by the defendant there may have been a loose root in the upper jaw of Mrs. Bridgewater and that the instrumentation incident to the extraction caused the eventual disturbance for which Dr. Bevis operated is pronounced possible but not probable by Dr. Cope. Dr. Cope affords the only expert testimony on the subject, and from it the conclusion must be drawn that the operation to remove the third root and the illness caused by its presence in the jaw of Mrs. Bridgewater were the proximate results of the failure of the defendant to remove it when the other teeth were drawn. It is inconceivable that the jury, in view of the verdict which it returned, would have failed to find with the plaintiff had it been permitted on the issue which we have just discussed.

Seventeen years have elapsed since the petition in this case was filed, more than 13 years since the verdict, and 12½ years since the sustaining of the motion for new trial. Manifestly the litigation should be terminated if it can be done under the law.

It is our conclusion that although the sustaining of the motion for a new trial was proper, it should have been qualified by permitting the plaintiff to enter a remittitur.

If the plaintiff, within ten days of the filing of this decision with the Clerk of this Court, elects to enter a remittitur of all of the verdict over and above the sum of $450.80, the judgment will be reversed and judgment entered for the plaintiff on the verdict in said sum and costs. The items of expense pleaded which we find to be proven in whole or in part are: Medical expense, $212.50; dental bill, $8.00; surgeon's bill, $70.00; hospital bill, including nurses, $23.30; nurses at home, $17.00; domestic help in the home, $65.00; ice for packing head and face, $15.00; help for washing and ironing, $40.00; total, $450.80.

If the plaintiff does not elect to enter a remittitur, the judgment will be affirmed.

WISEMAN and MILLER, JJ, concur.